Hon. James A. Gowan Justice of the Supreme Court Tenth Judicial District
This is in response to your letter wherein you state that you are a Justice of the Supreme Court of the State of New York, Tenth Judicial District, Second Department, and that you are contemplating the acquisition of a handgun. You ask whether a person in your position would be required to obtain a pistol permit to carry such a weapon.
Possession of certain weapons, including handguns, is proscribed by sections 265.01, 265.02, 265.03, 265.04, 265.05, 265.10, 265.15, and 270.05 of the Penal Law. Peace officers, however, as defined in subdivision thirty-three of section 1.20 of the Criminal Procedure Law, are exempt from the aforesaid criminal sanctions and licensing requirements by Penal Law, § 265.20 (a) (1) (a).
The Criminal Procedure Law, § 1.20 (33) (b), includes within the definition of "peace officer":
 "An attendant, uniformed court officer or an official of the supreme court in the first and second departments."
The issue, therefore, reduces itself to whether a "Justice" of the Supreme Court in the Second Department is an "official" of the Supreme Court in the Second Department.
Criminal Procedure Law, § 1.20 (23) states that: "`judge' means any judicial officer who is a member of or constitutes a court, whether referred to in another provision of law as a justice or by any other title." While the term "official" has no specific definition in the Criminal Procedure Law, "official" is defined in Black's Law Dictionary (p 1236, 4th ed, 1951) as an "officer." Therefore, a Justice, by definition, is an official.
By reason of the foregoing, it is our opinion that a Justice of the Supreme Court in the Second Department is a peace officer within the meaning of Penal Law, § 265.20 (a) (1) (a), and may possess a handgun without a pistol permit. This is entirely consistent with the explanation of Professor Denzer (McKinney's Cons Laws of NY, Book 11A, CPL 1.20, p 23) for the dichotomy made in the Criminal Procedure Law between police officers and peace officers. As stated inPeople v Jackson, 72 Misc.2d 297, 302 (Crim Ct of the City of NY, 1972), police officers are genuine law enforcement officials while peace officers include "* * * quasi-law enforcement bodies, such as court officials (including Judges) * * *".